Charles R. Messer (SBN 101094)
messerc@cmtlaw.com
David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Martin Schannong (SBN 243297)
schannongm@cmtlaw.com
CARLSON & MESSER LLP
5901 West Century Boulevard, Suite 1200
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
ZIP CAPITAL GROUP, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SMITH, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ZIP CAPITAL GROUP, LLC, a California limited liability company,<br><br>      Defendant. | CASE NO. 8:21-cv-00073-DOC-ADS<br><br>**ANSWER** |

Defendant ZIP CAPITAL GROUP, LLC ("Defendant") hereby answers the Complaint of Plaintiff JONATHAN SMITH ("Plaintiff") as follows:

**<u>CLASS ACTION COMPLAINT</u>**

1.    Defendant admits that Plaintiff has brought this action. Defendant denies that the action has merit, and further denies any remaining allegations in Paragraph 1 of the Complaint.

///

## NATURE OF THE ACTION

2. Defendant admits that this is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

3. Defendant admits that it is a finance lender servicing small and medium-sized businesses. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff seeks damages and other relief on behalf of himself and others. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendant admits that the TCPA is a federal statute. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5 of the Complaint, which also constitute legal conclusions.

6. Defendant admits that it conducts business in this District. Defendant denies directing any unauthorized marketing scheme. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6 of the Complaint, which also constitute legal conclusions.

## PARTIES

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8. Defendant admits that it is a California company with an office located at 26 Executive Park, Suite 100, Irvine, California 92614. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint.

/ / /

## THE TCPA

10. Paragraph 10 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

11. Paragraph 11 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

12. Defendant denies that the TCPA exists to prevent any alleged communications by Defendant. The remainder of Paragraph 12 of the Complaint contains no affirmative allegations against Defendant. To the extent the remainder of said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

13. Paragraph 13 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

14. Paragraph 14 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

15. Paragraph 15 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

/ / /

16. Paragraph 16 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

17. Paragraph 17 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

18. Paragraph 18 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

19. Paragraph 19 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

20. Paragraph 20 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

21. Paragraph 21 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

22. Paragraph 22 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

23. Paragraph 23 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint. Moreover, said allegations constitute legal conclusions to which no response is required.

27. Defendant denies calling Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 of the Complaint, which also constitute legal conclusions.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

/ / /

/ / /

## CLASS ALLEGATIONS

37. Defendant admits that Plaintiff has brought this case as a class action pursuant to Fed. R. Civ. P. 23. Defendant denies that Plaintiff's action has merit, and denies that class action treatment is appropriate.

38. Defendant admits that Plaintiff has brought this case on behalf of a class. Defendant denies that Plaintiff's action has merit, and denies that class action treatment is appropriate.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

## COUNT I

48. Defendant incorporates by reference its responses set forth in all other paragraphs herein.

49. Paragraph 49 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

Case 8:21-cv-00073-DOC-ADS   Document 14   Filed 03/05/21   Page 7 of 12   Page ID #:48

## COUNT II

55. Defendant incorporates by reference its responses set forth in all other paragraphs herein.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff and the putative class members are entitled to any relief.

## PLAINTIFF'S JURY DEMAND

Defendant admits that Plaintiff demands a jury.

## PLAINTIFF'S DOCUMENT PRESERVATION DEMAND

Plaintiff's "Document Preservation Demand" contains no affirmative allegations against Defendant. To the extent it is deemed to contain any affirmative allegations, Defendant denies them.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted. For example, Plaintiff has not alleged sufficient facts showing that Defendant placed telephone calls using an artificial or prerecorded voice, that Defendant's alleged conduct was knowing/willful, or that Plaintiff and the putative class members were damaged.

## SECOND AFFIRMATIVE DEFENSE

### (TCPA Unconstitutional)

As a separate, affirmative defense, Defendant alleges that the TCPA was unconstitutional at the time Plaintiff received the alleged telephone call, and for

{00146155;1}   7

ANSWER
CASE NO. 8:21-cv-00073-DOC-ADS

most of the putative class period. *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020).

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE
### (Prior Express Written Consent)

As a separate, affirmative defense, Defendant alleges that any alleged calls to Plaintiff and/or the putative class were made with prior express consent, including but not limited to prior express written consent.

## FIFTH AFFIRMATIVE DEFENSE
### (No ATDS or Artificial/Prerecorded Voice)

As a separate, affirmative defense, Defendant alleges that any alleged calls to Plaintiff or the putative class were not made by an automatic telephone dialing system or an artificial or prerecorded voice.

## SIXTH AFFIRMATIVE DEFENSE
### (Calls Placed by Third Party)

As a separate, affirmative defense, Defendant alleges that the alleged telephone calls to Plaintiff and the putative class members, to the extent they were placed at all, were placed by a third party for which Defendant is not responsible.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Standing)

As a separate, affirmative defense, Defendant alleges that Plaintiff and the putative class members lack standing to bring some or all of their claims, to the extent they have not suffered any injury in fact as required by Article III of the United States Constitution, and/or their claims do not fall within the zone of

interests protected by the TCPA.  See e.g. *Spokeo v. Robins*, 136 S. Ct. 1540 (2016); *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 806 (W.D. Pa. 2016); *Nghiem v. Dick's Sporting Goods, Inc.*, 318 F.R.D. 375, 382 (C.D. Cal. 2016); *Shelton v. Target Advance LLC*, 2019 WL 1641353, at *5 (E.D. Pa. Apr. 16, 2019).

## EIGHTH AFFIRMATIVE DEFENSE
### (Fed. R. Civ. P. 8(c) Defenses)

As a separate, affirmative defense, Defendant asserts all potentially applicable defenses described in Fed. R. Civ. P. 8(c).  These defenses are available under California state law as well, and the TCPA expressly provides that an action may be brought "if otherwise permitted by the laws or rules of court of a State." 47 U.S.C. § 227(b)(3).  Plaintiff has thus far provided very limited information regarding his claims, and Defendant has not fully completed its investigation of the facts relating to this case.  It is reasonably anticipated that further discovery, independent investigation, legal research and analysis will provide additional information regarding Plaintiff's claims and Defendant's defenses thereto.

## NINTH AFFIRMATIVE DEFENSE
### (Good Faith)

As a separate, affirmative defense, Defendant alleges that any alleged call(s) to the alleged telephone number(s) of Plaintiff and/or the putative class members was (were) made with a good faith belief that there was valid consent for said call(s) to be placed. *Chyba v. First Fin. Asset Mgmt., Inc.*, 2014 WL 1744136, at *11 (S.D. Cal. Apr. 30, 2014), aff'd, 671 F. App'x 989 (9th Cir. 2016).)  At no time did Defendant intend for any call to be placed to any person without the appropriate consent.  To the extent a particular telephone number was reassigned following the receipt of consent to call that number, the reliance on the previously given consent was reasonable.  *Roark v. Credit One Bank, N.A.*, 2018 WL 5921652, at *3 (D. Minn. Nov. 13, 2018).

/ / /

## TENTH AFFIRMATIVE DEFENSE

### (Established Business Relationship)

As a separate, affirmative defense, Defendant asserts that any alleged calls were made pursuant to an established business relationship.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Excessive Fine)

As a separate, affirmative defense, Defendant asserts that the imposition of statutory damages or aggregated fines in a class action context would constitute an excessive fine and an unexpected, unfair, excessive, punitive, unlawful and unconstitutional penalty against Defendant. Defendant is accused of violating the TCPA, which allows for statutory damages of $500 per violation, and said amount can be increased to not more than $1,500 if the Court finds that the violation was willful or knowing. 47 U.S.C. § 227(b)(3). In a class action, the damages can therefore be enormous and grossly disproportionate to the gravity of Defendant's alleged conduct. The U.S. Supreme Court recently reaffirmed that defendants are entitled to protection against excessive fines. *Timbs v. Indiana*, 139 S. Ct. 682, 689 (2019).) The damages sought against Defendant, if awarded, would put Defendant out of business and are unconstitutional.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff and/or the putative class members claim to have suffered damages, which is disputed, they have failed to mitigate any such damages. The Courts' policy to promote mitigation of damages is well-established. The calculation of the damages sought by Plaintiff requires the consideration of many factors. In addition, Plaintiff seeks treble damages under 47 U.S.C. § 227(b)(3), which may be awarded in the Court's discretion. Any alleged failure to mitigate damages by Plaintiff and/or the putative class members would be relevant in this discretionary analysis.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, for its fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

## DEFENDANT'S DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial.

DATED: March 5, 2021                    CARLSON & MESSER LLP

                                        By:    s/Martin Schannong
                                        Charles R. Messer
                                        David J. Kaminski
                                        Martin Schannong
                                        Attorneys for Defendant
                                        ZIP CAPITAL GROUP, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2021, a true and correct copy of the foregoing document entitled ANSWER was filed through the ECF system, which will send notification of such filing to the e-mail addresses associated with this case.

DATED: March 5, 2021          CARLSON & MESSER LLP

By:    s/Martin Schannong
Charles R. Messer
David J. Kaminski
Martin Schannong
Attorneys for Defendant
ZIP CAPITAL GROUP, LLC